**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| LINDSEY GULDEN<br><br>and<br><br>DAMIAN BURCH,<br><br>  Plaintiffs,<br><br>v.<br><br>EXXON MOBIL CORPORATION<br><br>  Defendant. | Civil Action No. 3:24-CV-07381-MAS-TJB<br><br>**<u>ORAL ARGUMENT REQUESTED</u>**<br><br>**Motion Returnable: November 18, 2024** |

---

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S
MOTION TO DISMISS PLAINTIFFS' COMPLAINT PURSUANT TO
FEDERAL RULE OF CIVIL PROCEDURE 12(b)(3) AND 28 U.S.C. § 1406(a) OR,
IN THE ALTERNATIVE, TO TRANSFER VENUE
PURSUANT TO 28 U.S.C. § 1406(a) OR § 1404(a)**

---

Of Counsel and On the Brief:

  **JACKSON LEWIS, P.C.**
  Richard J. Cino, Esq.
  Bianca M. Olivadoti, Esq.

  **NORTON ROSE FULBRIGHT US LLP**
  Reagan M. Brown, Esq., *pro hac vice pending*

On the Brief:

  **JACKSON LEWIS, P.C.**
  Matthew P. Rocco, Esq.

# **TABLE OF CONTENTS**

**Pages**

PRELIMINARY STATEMENT ..................................................................................................1

STATEMENT OF RELEVANT FACTS AND PROCEDURAL HISTORY ..............................2

LEGAL ARGUMENT....................................................................................................................3

POINT I

        THE COURT SHOULD DISMISS PLAINTIFFS' COMPLAINT FOR IMPROPER VENUE PURSUANT TO FED. R. CIV. P. 12(b)(3) AND 28 U.S.C. § 1406(a) ......................................................................3

POINT II

        IN THE ALTERNATIVE, THIS COURT SHOULD TRANSFER VENUE TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS PURSUANT TO 28 U.S.C. § 1406(a) OR § 1404(a) ..........................................................................................5

        1. Transfer Is Appropriate under 28 U.S.C. § 1406(a) .........................................5

        2. Transfer Is Appropriate under 28 U.S.C. § 1404(a) .........................................5

                A. The Private Interest Factors Support Transfer to Texas ..............................6

                B.  The Public Interest Factors Support Transfer to Texas ..............................9

CONCLUSION..............................................................................................................................10

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

Am. Water Works Co. v. Util. Workers Local 423,
 2011 U.S. Dist. LEXIS 108918 (D.N.J. Sep. 23, 2011) ................................................................ 3

Bockman v. First Am. Mktg. Corp.,
 459 Fed. Appx. 157 (3d Cir. 2012) ............................................................................................... 3

Carnero v. Boston Sci. Corp.,
 433 F.3d 1 (1st Cir. 2006) ............................................................................................................. 4

Jumara v. State Farm Ins. Co.,
 55 F.3d 873 (3d. Cir. 1995) ................................................................................................. *passim*

Lafferty v. Gito St. Riel,
 495 F.3d 72 (3d Cir. 2007) ............................................................................................................ 3

Marinac v. Mondalez Int'l, Inc.,
 2019 U.S. Dist. LEXIS 117743 (D.N.J. July 12, 2019) ................................................................ 7

Master Cutlery, Inc. v. Panther Trading Co, Inc.,
 2012 U.S. Dist. LEXIS 178639 (D.N.J. Dec. 12, 2017) ........................................................... 5, 7

Prudential Ins. Co. of Am. v. Robinson-Downs,
 2008 U.S. Dist. LEXIS 63306 (D.N.J. Aug. 19, 2008) ................................................................. 6

Vincent v. Woods Servs.,
 2008 U.S. Dist. LEXIS 27781 (D.N.J. Apr. 4, 2008) ................................................................... 3

Vuoncino v. Forterra, Inc.,
 2021 U.S. Dist. LEXIS 78268 (D.N.J. Apr. 22, 2021) ................................................................. 7

Windt v. Qwest Comm'ns Int'l, Inc.,
 529 F.3d 183 (3d Cir. 2008), cert. denied, 555 U.S. 1098 (2009) ............................................... 4

**Statutes**

18 U.S.C. § 1514A(b)(1)(B) ............................................................................................................ 4

28 U.S.C. § 1391(b)(1) .................................................................................................................... 3

28 U.S.C. § 1404(a) ......................................................................................................................... 5

28 U.S.C. § 1406(a) ..................................................................................................................... 3, 4

**Rules**

Federal Rule of Civil Procedure 12(b)(3) ........................................................................................ 3

**PRELIMINARY STATEMENT**

Plaintiffs Lindsey Gulden and Damian Burch (collectively, "Plaintiffs"), former employees of Defendant Exxon Mobil Corporation ("ExxonMobil") affiliates, have brought their claims in this Court despite the fact that they were – at all times – employed in Texas and despite the fact that this case has no cognizable connection to New Jersey.

As the sole basis for bringing their case in New Jersey, Plaintiffs allege ExxonMobil, which was incorporated in New Jersey in 1882, "operated business" in New Jersey, "including a research facility" in Annandale, "where Plaintiffs would at times work." (PACER Docket Entry ("D.E.") 1 at ¶ 11).[1] However, these bare allegations fail to support this matter being venued in this Court. Simply put, New Jersey's interest in this action is negligible and pales in comparison to Texas, as this is a Texas-based dispute, arising out of two Texas-based employment relationships. Plaintiffs and all of the witnesses who have knowledge regarding Plaintiffs' employments, as well as all of the documents regarding same, were created in Texas. Under these circumstances, the judicial resources of this State should not be expended upon Plaintiffs' Texas-based employments.

Importantly, venue in New Jersey is not proper under 18 U.S.C. § 1514A(b)(1)(B), as New Jersey is neither the State in which the whistleblower violation allegedly occurred nor the State in which Plaintiffs reside. Accordingly, the Complaint should be dismissed for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3) and 28 U.S.C. § 1406(a).

In the alternative, the Court should transfer the case to the United States District Court for the Southern District of Texas pursuant to 28 U.S.C. § 1406(a) or 28 U.S.C. § 1404(a).

---

[1] The facility in Annandale houses employees of ExxonMobil Technology & Engineering Company ("EMTEC"), an affiliate of Exxon Mobil Corporation, for which neither Plaintiff worked. (Declaration of Beth Casteel ("Casteel Decl.") at ¶ 6). EMTEC is incorporated in Delaware and has its principal place of business in Texas. (Id.).

1

**STATEMENT OF RELEVANT FACTS AND PROCEDURAL HISTORY**

ExxonMobil refers to the statement of relevant facts and procedural history contained within its contemporaneously filed Motion to Dismiss Plaintiffs' Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6).

In addition, as is relevant to this motion, there are numerous facts tying this dispute to Texas. Specifically:

- Both Plaintiffs resided in Texas at all times relevant to the underlying dispute (Casteel Decl. at ¶¶ 3, 5);

- Gulden worked in Texas for ExxonMobil Upstream Integrated Solutions Company, which has its principal place of business in Texas (id. at ¶ 2);

- Burch worked in Texas for ExxonMobil Global Projects Company, which has its principal place of business in Texas (id. at ¶ 4);

- Both Plaintiffs were located in Texas at the time they allegedly made their whistleblower complaints (id. at ¶¶ 2, 4 );

- All the alleged conduct at the heart of Plaintiffs' whistleblower complaints occurred in Texas (see generally D.E. 1);

- The ExxonMobil human resources personnel who received Plaintiffs' alleged whistleblower complaints reside in Texas (Casteel Decl. at ¶ 8(g));

- The ExxonMobil personnel who conducted the investigation (in Texas) that culminated in Gulden's and Burch's terminations reside in Texas (id. at ¶ 8(f));

- The ExxonMobil personnel who made the decisions to terminate Gulden's and Burch's employment resided in Texas at all times relevant to the underlying dispute (id. at ¶¶ 8(e)-9(b)); and,

- The oral and written communications of ExxonMobil's decisions to terminate were made by Texas residents to Gulden and Burch, who both – at all times relevant to the underlying dispute – resided and worked in Texas (id. at ¶¶ 2-5, 8-9).

Conversely, there is not a single, substantive fact tying this case to New Jersey and none of the underlying events in Plaintiffs' Complaint occurred in New Jersey.

2

## **LEGAL ARGUMENT**

### **POINT I**

### **THE COURT SHOULD DISMISS PLAINTIFFS' COMPLAINT FOR IMPROPER VENUE PURSUANT TO FED. R. CIV. P. 12(b)(3) AND 28 U.S.C. § 1406(a)**

A motion to dismiss "under Rule 12(b)(3) is relatively straightforward." See Bockman v. First Am. Mktg. Corp., 459 Fed. Appx. 157, 158, n. 1 (3d Cir. 2012) (quoting 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1352, at 324 (3d ed. 2004)). Indeed, 28 U.S.C. § 1406(a) provides that a judge "shall dismiss" a case if it is brought in the wrong district. When a case is dismissed for improper venue, the plaintiff must file anew in the proper forum. Lafferty v. Gito St. Riel, 495 F.3d 72, 77 (3d Cir. 2007).

As a matter of basic statutory construction, a general statute does not apply where there is a more specific rule. Thus, where Congress has created a venue statute specific to certain causes of action, that statute replaces the general venue statute. See, e.g., Am. Water Works Co. v. Util. Workers Local 423, 2011 U.S. Dist. LEXIS 108918, at *6-7 (D.N.J. Sep. 23, 2011) ("the narrowly drawn, specific venue provision of the National Bank Act must prevail over the broader, more generally applicable venue provision of the Securities Exchange Act."); Vincent v. Woods Servs., 2008 U.S. Dist. LEXIS 27781 at *1 (D.N.J. Apr. 4, 2008) ("Title VII's venue provision is 'mandatory and well-settled, thereby rendering other general venue statutes inapplicable.'").

Plaintiffs incorrectly cite the general venue statute, 28 U.S.C. § 1391(b)(1), when asserting that venue is proper in this district. (D.E. 1 at ¶ 8). However, the Sarbanes-Oxley Act of 2002 has its own venue provision, which provides: "if the Secretary has not issued a final decision within 180 days of the filing of the complaint and there is no showing that such delay is due to the bad faith of the claimant, bringing an action at law or equity for de novo review in the appropriate

3

district court of the United States, which shall have jurisdiction over such an action without regard to the amount in controversy." 18 U.S.C. § 1514A(b)(1)(B). The First Circuit appears to be the only Circuit Court to address the interpretation of "the appropriate district court" under 18 U.S.C. § 1514A(b)(1)(B). See Carnero v. Boston Sci. Corp., 433 F.3d 1 (1st Cir. 2006). Acknowledging that the statute itself does not provide a clear answer, the Court looked to 49 U.S.C. § 42121 ("AIR21"), which suggests "the appropriate court is one in the jurisdiction of which the whistleblower violation occurred or the complainant resided." See id. at 17 (referencing 49 U.S.C. § 42121(b)(4)(A)). In this case, New Jersey is neither the State in which the purported "whistleblower violation occurred," nor the State in which "the complainants reside." To the contrary, the alleged "whistleblower violation occurred" in Texas, and both Plaintiffs resided in Texas during their employments. (D.E. 1; Casteel Decl. at ¶¶ 3, 5). Neither Plaintiff resides in New Jersey. Burch still resides in Texas and Gulden currently resides in Massachusetts. (D.E. 1 at ¶¶ 9, 10).

Because venue in this District is improper under 18 U.S.C. § 1514A(b)(1)(B), dismissal under Rule 12(b)(3) and 28 U.S.C. § 1406(a) is appropriate. See 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."). See also Jumara v. State Farm Ins. Co., 55 F.3d 873, 878 (3d. Cir. 1995) ("Section 1406 ... applies where the original venue is improper and provides for either transfer or dismissal[.]").

## POINT II

## IN THE ALTERNATIVE, THIS COURT SHOULD TRANSFER VENUE TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS PURSUANT TO 28 U.S.C. § 1406(a) OR § 1404(a)

In the event that this Court does not dismiss this action for improper venue under Federal Rule of Civil Procedure 12(b)(3) and 28 U.S.C. § 1406(a), it should nevertheless transfer this case the United States District Court for the Southern District of Texas under either 28 U.S.C. § 1406(a) or 28 U.S.C. § 1404(a).

### I. Transfer Is Appropriate under 28 U.S.C. § 1406(a).

As argued above, venue in New Jersey is not proper under 18 U.S.C. § 1514A(b)(1)(B) and, thus, dismissal or transfer is required under 28 U.S.C. § 1406(a). If the Court does not dismiss this matter, it should transfer this case to the United States District Court for the Southern District of Texas in the "interest of justice" for the reasons set forth below.

### II. Transfer Is Appropriate under 28 U.S.C. § 1404(a).

If not dismissed or transferred under 28 U.S.C. § 1406(a), this case should still be transferred under 28 U.S.C. § 1404(a), which provides:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.

The purpose of this statute is to protect litigants, witnesses, and the public against unfair expense. See Master Cutlery, Inc. v. Panther Trading Co, Inc., 2012 U.S. Dist. LEXIS 178639, at *3 (D.N.J. Dec. 12, 2017).

In deciding whether to transfer a case under 28 U.S.C. § 1404(a), the Court should "consider all relevant factors to determine whether[,] on balance[,] the litigation would more

5

conveniently proceed and the interests of justice be better served by transfer to a different forum." Jumara, 55 F.3d 873, 879 (3d. Cir. 1995) (internal citations omitted). The "moving party is not required to show 'truly compelling circumstances for … change … [of venue, but rather, that] all relevant things considered, the case would be better off transferred to another district." Prudential Ins. Co. of Am. v. Robinson-Downs, 2008 U.S. Dist. LEXIS 63306, at *7 (D.N.J. Aug. 19, 2008) (alterations in original).

Here, as set forth in detail below, there is no question that this case does not belong in New Jersey and should be transferred to the Southern District of Texas.

### A. The Private Interest Factors Support Transfer to Texas.

When considering a transfer of venue under 28 U.S.C. § 1404(a), the relevant private interest factors are: "plaintiff's forum preference as manifested in the original choice; the defendant's preference; whether the claim arose elsewhere; the convenience of the parties as indicated by their relative physical and financial condition; the convenience of the witnesses – but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and the location of books and records (similarly limited to the extent that the files could not be produced in an alternate forum)." Jumara, 55 F.3d at 879 (internal citations omitted). Nevertheless, "when the chosen forum has little connection with the operative facts of the lawsuit, such that retaining the action conflicts with the interests in efficiency and convenience, other private interests are afforded less weight." Prudential Ins., 2008 U.S. Dis. LEXIS 63306, at *12.

This litigation arises out of Texas-based employment relationships where all of the alleged acts or occurrences giving rise to this action **occurred in Texas and none are even alleged to have occurred in New Jersey**. Accordingly, Plaintiffs' choice of forum should be given minimal judicial deference. See, e.g., Master Cutlery, 2012 U.S. Dist. LEXIS 178639 at *8 (any

6

presumption in favor of the plaintiff's choice of forum "deserves less deference when the operative facts did not occur in the chosen forum…"); Marinac v. Mondelez Int'l, Inc., 2019 U.S. Dist. LEXIS 117743 (D.N.J. July 12, 2019) (transferring a case pursuant to 28 U.S.C. § 1404(a), *sua sponte*, and "overrid[ing] Plaintiff's choice of forum" where the "case ha[d] little to do with New Jersey"). For the reasons set out in this Motion, ExxonMobil's preference is for this matter to proceed in Texas.

The fact that New Jersey has no connection with the operative facts of this lawsuit should be given the most weight in the private interest analysis, but the other factors to be considered also support that this case should be transferred to the United States District Court for the Southern District of Texas.

First, as set forth in detail above, there is no dispute that the claim "arose elsewhere." Jumara, 55 F.3d at 879. Specifically, Plaintiffs allege that ExxonMobil subjected them to unlawful retaliation after they made internal complaints to human resources personnel located in Texas. (D.E. 1 at ¶¶ 36-39; Casteel Decl. at ¶ 8(g)). Both Plaintiffs resided and worked in Texas at the time they allegedly made their whistleblower complaints and at the time ExxonMobil terminated their employments. (Casteel Decl. at ¶¶ 3, 5). Similarly, in Vuoncino v. Forterra, Inc., a case also brought under the Sarbanes-Oxley Act, the plaintiff alleged retaliatory discharge following his "whistleblowing activities concerning the Companies' financial reporting practices." Vuoncino v. Forterra, Inc. 2021 U.S. Dist. LEXIS 78268, at *23 (D.N.J. Apr. 22, 2021). In transferring the case to Texas, the district court gave particular weight to the fact that the decision to terminate the plaintiff's employment was made in Texas (even though it was delivered in New Jersey), "where [the defendant's] executive functions are performed," and that the plaintiff did not engage in any whistleblowing activities in New Jersey. Id. at *25. Ultimately, the court held that venue was not

7

properly laid in New Jersey, noting "most of the relevant events in this matter took place outside of this district." Id. at *26. Here, unlike in Vuoncino, no operative facts occurred in New Jersey, which weighs more heavily in favor of transferring this case to Texas.

Second, Plaintiffs would not be inconvenienced by a transfer to the United States District Court for the Southern District of Texas. Plaintiffs worked in Texas for several years and were working there when ExxonMobil made the decisions to terminate their employments. (Casteel Decl. at ¶¶ 3, 5). Burch still resides in Texas (D.E. 1 at ¶ 10), which certainly makes the location convenient for him. Gulden resides in Massachusetts (id. at ¶ 9) and would likely travel by plane regardless of whether this matter is pending in Texas or New Jersey. Accordingly, this factor weighs in favor of a transfer to Texas.

Similarly, there is no question that Texas is a more convenient venue for the witnesses involved in this matter. In fact, in the initial disclosures filed in the OALJ proceeding, Plaintiffs listed ten persons (other than themselves) as having knowledge of relevant information.[2] All of them reside in Texas. (Casteel Decl. at ¶ 8). ExxonMobil also listed ten persons (other than Plaintiffs) as having knowledge of relevant information.[3] All of them resided in Texas at all times relevant to this dispute; one has since retired and moved to Virginia. (Id. at ¶ 9). Not a single person with discoverable information lives or works in New Jersey. (Id. at ¶¶ 8-9). Accordingly, if this case remains here, every witness will have to travel to New Jersey for deposition and trial. Furthermore, each individual with knowledge of relevant facts in this matter is or was an

---

[2] In addition to themselves, Plaintiffs listed the following individuals as people who are likely to have discoverable information: (1) Melissa Bond, (2) Caroline Breaux, (3) Beth Casteel, (4) Scott Clingman, (5) Michael Deal, (6) Rick McGovern, (7) Tanya Miller, (8) Ozgur Ozen, (9) Charles Tautfest, (10) Alejandra Tello. (See Gulden and Burch's initial disclosures attached to the Certification of Richard J. Cino ("Cino Cert.") as Exhibit A).

[3] In addition to Plaintiffs, ExxonMobil listed the following individuals as people who are likely to have discoverable information: (1) Melissa Bond, (2) Caroline Breaux, (3) Beth Casteel, (4) Michael Deal, (5) Rob Heinle, (6) Richard Igercich, (7) Rick McGovern, (8) Adam Ostridge, (9) Charles Tautfest, (10) Alejandra Tello. (See ExxonMobil's initial disclosures attached to the Cino Cert. as Exhibit B).

employee of ExxonMobil. (Id. at ¶¶ 8-9). Three of those persons are former employees and are outside of the subpoena power of the United States District Court for the District of New Jersey. (Id. at ¶¶ 8(f), 8(g), 9(b)). By the time this matter goes to trial, there may be other individuals who will have separated or retired from the Company and will also be outside of the subpoena power of this Court.

Last, all of the relevant records were created in Texas and the custodians of those records reside in Texas. (Id. at ¶ 10).

### B. The Public Interest Factors Support Transfer to Texas.

When considering a transfer of venue under 28 U.S.C. § 1404(a), the relevant public interest factors are: "the enforceability of the judgment; practical considerations that could make the trial easy, expeditious, or inexpensive; the relative administrative difficulty in the two fora resulting from court congestion; the local interest in deciding local controversies at home; the public policies of the fora; and the familiarity of the trial judge with the applicable state law in diversity cases." Jumara, 55 F.3d at 879-80 (internal citations omitted).

Simply stated, New Jersey has no substantive connection to this action – none of the allegations giving rise to the action occurred in New Jersey. As described *supra,* there are several practical considerations that would make a trial of this action in Texas "easy, expeditious, and inexpensive." Id.

Moreover, according to Federal Court Management Statistics, the District of New Jersey has 83,378 total pending cases and 4,905 pending cases per judgeship as of June 30, 2024. (See the relevant portions of the United States District Court National Judicial Caseload Profile, attached to the Cino Cert. as Exhibit C). By contrast, the Southern District of Texas had 14,737 total pending cases and 776 pending cases per judgeship as of the same time. (Id.). These statistics

9

indicate there would be "administrative difficulty [with litigating this case in New Jersey] … resulting from court congestion." Jumara, 55 F.3d at 879. There is no reason to add further strain to this already overburdened Court, which has a large enough workload without having to hear cases like this with no connection to the State of New Jersey.

Last, New Jersey has no local interest in this lawsuit and New Jersey citizens should be not compelled to hear a case with no relation to their community. This is a Texas case that should be decided by Texas residents in Texas.

## CONCLUSION

For the foregoing reasons, ExxonMobil respectfully requests that the Court enter an Order dismissing Plaintiffs' Complaint in its entirety pursuant to Federal Rule of Civil Procedure 12(b)(3) and 28 U.S.C. § 1406(a) or, in the alternative, transferring this action to the United States District Court for the Southern District of Texas pursuant to § 1406(a) or § 1404(a).

Respectfully submitted,

**JACKSON LEWIS P.C.**

s/ Richard J. Cino
Richard J. Cino, Esq.
Bianca M. Olivadoti, Esq.

**NORTON ROSE FULBRIGHT US LLP**

s/ Reagan M. Brown
Reagan M. Brown, Esq., *pro hac vice pending*

Dated: October 14, 2024

4874-0227-9150, v. 1

10