**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| LINDSEY GULDEN | : | |
| | : | |
| and | : | Civil Action No. 3:24-CV-07381-MAS-TJB |
| | : | |
| DAMIAN BURCH, | : | |
| | : | **CERTIFICATION OF RICHARD J.** |
| Plaintiffs, | : | **CINO IN SUPPORT OF EXXON** |
| | : | **MOBIL CORPORATION'S MOTION** |
| v. | : | **TO DISMISS PLAINTIFFS'** |
| | : | **COMPLAINT OR, IN THE** |
| EXXON MOBIL CORPORATION | : | **ALTERNATIVE,  TO TRANSFER** |
| | : | **VENUE** |
| Defendant. | : | |

Richard J. Cino, of full age, certifies as follows:

1.      I am an attorney at law in the State of New Jersey and Principal at the law firm of Jackson Lewis P.C. I am one of the attorneys charged with defending this matter on behalf of Defendant Exxon Mobil Corporation ("ExxonMobil" or "Defendant"). As such I am fully familiar with the facts set forth herein.

2.      I make this certification in support of Defendant's motion to dismiss Plaintiffs' Complaint pursuant to Federal Rule of Civil Procedure 12(b)(3) and 28 U.S.C. § 1406(a), or, in the alternative, to transfer venue pursuant to 28 U.S.C. § 1406(a) or § 1404(a).

3.      A true and accurate copy of the initial disclosures that Plaintiffs Lindsey Gulden and Damian Burch submitted in the proceeding previously pending in the Office of Administrative Law Judges bearing case numbers 2023-SOX-00021 and 2023-SOX-00022 are attached hereto as Exhibit A.

4.      A true and accurate copy of the initial disclosures that ExxonMobil submitted in the proceeding previously pending in the Office of Administrative Law Judges bearing case numbers 2023-SOX-00021 and 2023-SOX-00022 are attached as Exhibit B.

5.      A true and accurate copy of the relevant portions of the United States District Court National Judicial Caseload Profile is attached as Exhibit C.

I certify under the penalty of perjury that the foregoing statements made by me are true. I am aware that if any are willfully false, I am subject to punishment.

Dated: October 14, 2024

*/s/ Richard J. Cino*
Richard J. Cino

4882-8993-6622, v. 1

# EXHIBIT A

UNITED STATES DEPARTMENT OF LABOR
OFFICE OF ADMINISTRATIVE LAW JUDGES

_____

LINDSEY GULDEN

    &

DAMIAN BURCH,

               Complainants,

        - against -            Case No. 2023-SOX-00021

EXXON MOBIL CORPORATION,

               Respondent.

_____

## <u>COMPLAINANTS LINDSEY GULDEN AND DAMIAN BURCH'S INITIAL DISCLOSURES</u>

**COME NOW**, Complainants Lindsey Gulden and Damian Burch, by and through their undersigned counsel, and hereby makes the following Initial Disclosures, pursuant to 29 C.F.R. § 18.50(c)(1):

A.    The name, and, if known, the address and telephone number of each individual likely to have discoverable information- along with the subjects of that information- that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment.

**<u>RESPONSE:</u>**

1. Name: Complainant Lindsey Gulden c/o Counsel for Complainant
   Subject:  Complainant has knowledge of her wrongful termination, knowledge of the reports and complaints she made to her superiors prior to his termination, the internal investigation, and damages.

2. Name: Complainant Damian Burch c/o Counsel for Complainant

Subject: Complainant has knowledge of his wrongful termination, knowledge of the reports and complaints he made to his superiors prior to his termination, the internal investigation, and damages.

3. Name: Ozgur Ozen, Supervisor Delaware Development Planning Team
   Address: 22777 Springwood Village Parkway, Spring, TX 77389
   Phone Number: unknown
   Subject: Mr. Ozen may have knowledge concerning the internal investigation, the exaggeration of the learning curve, Complainants' complaints, and wrongful termination.

4. Name: Melissa Bond, Senior Manager Upstream Oil and Gas Division
   Address: 22777 Springwood Village Parkway, Spring, TX 77389
   Phone Number: unknown
   Subject: Ms. Bond may have knowledge concerning the internal investigation, the exaggeration of the learning curve, Complainants' complaints, and wrongful termination.

5. Name: Beth Casteel, Audit Team and Security Director
   Address: 22777 Springwood Village Parkway, Spring, TX 77389
   Phone Number: unknown
   Subject: Ms. Casteel may have knowledge concerning the internal investigation, the exaggeration of the learning curve, Complainants' complaints, and wrongful termination.

6. Name: Charles Tautfest, Manager
   Address: 22777 Springwood Village Parkway, Spring, TX 77389
   Phone Number: unknown
   Subject: Mr. Taufest may have knowledge concerning the internal investigation, the exaggeration of the learning curve, Complainants' complaints, and wrongful termination.

7. Name: Michael Deal, Vice-President Upstream for Research Technology and Digital Development
   Address: 22777 Springwood Village Parkway, Spring, TX 77389
   Phone Number: unknown
   Subject: Mr. Deal may have knowledge concerning the internal investigation, the exaggeration of the learning curve, Complainants' complaints, and wrongful termination.

8. Name: Tanya Miller, Human Resources
   Address: Unknown
   Phone Number: (713) 898-9908.

Subject: Ms. Miller may have knowledge concerning the internal investigation, the exaggeration of the learning curve, Complainants' complaints, and wrongful termination.

9. Name: Scott Clingman
   Address: 22777 Springwood Village Parkway, Spring, TX 77389
   Phone Number: unknown
   Subject: Mr. Clingman may have knowledge concerning the internal investigation, the exaggeration of the learning curve, Complainants' complaints, and wrongful termination.

10. Name: Rick McGovern, Investigator
    Address: 22777 Springwood Village Parkway, Spring, TX 77389
    Phone Number: unknown
    Subject: Mr. McGovern may have knowledge concerning the internal investigation, the exaggeration of the learning curve, Complainants' complaints, and wrongful termination.

11. Name: Caroline Breaux
    Address: 22777 Springwood Village Parkway, Spring, TX 77389
    Phone Number: unknown
    Subject: Ms. Breaux may have knowledge concerning the internal investigation, the exaggeration of the learning curve, Complainants' complaints, and wrongful termination.

12. Name: Alejandro Tello
    Address: 22777 Springwood Village Parkway, Spring, TX 77389
    Phone Number: unknown
    Subject: Mr. Tello may have knowledge concerning the internal investigation, exaggeration of the learning curve, Complainants' complaints, and wrongful termination.

Complainants' investigation is ongoing and Complainants reserve the right to amend or supplement their responses. Additionally, Complainants reserve the right to call any and all individuals identified in Respondent's Initial Disclosures.

B.    A copy or a description by category and location of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment.

**RESPONSE:** In support of their claim, Complainants may use the OSHA complaint and other documents and correspondences pertaining to Complainants' OSHA complaint. Complainants may also rely on documents pertaining to OSHA's investigation. Complainants may also rely on any and all documents in the possession and control of and/or relied upon by Exxon Mobil Corporation ("ExxonMobil" or "Respondent"), Complainants' termination, internal investigation, ExxonMobil's April 26, 2019, News Release, and ExxonMobil's company policies and handbook. Complainants' investigation is ongoing and Complainants reserve the right to amend of supplement this response.

C.     A computation of each category of damages claimed by the disclosing party who must also make available for inspection and copying as under §18.61 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered.

**RESPONSE**: Complainants are claiming damages for lost back pay and front pay, lost benefits and entitlements, emotional distress, mental pain and suffering, humiliation, loss of enjoyment of life, reinstatement, attorney's fees, and costs.

Dr. Gulden seeks back pay (minus interim earnings) in the amount of $240,727.77, for the period starting October 24, 2020, through October 6, 2022, and interest on the back wages totaling $9,009.45 at the IRS underpayment rate at 26 U.S.C. § 6621, compounded daily as of October 6, 2022. Dr. Gulden seeks further back pay due to her new job paying less than her job with Respondent, and compensatory damages for the following:

- Moving expenses from Texas to Massachusetts in the amount of $21,039.44
- Travel and job-hunting expenses in the amount of $3,000.00
- Pecuniary damages surrounding Respondent's 401K matching contribution for years 2020, 2021, and 2022 of $45,298.61 which includes interest as of October 6, 2022

- Pain and suffering, including mental distress of $150,000.00
- Return moving expenses from Massachusetts to Texas in the amount of up to $25,000.00.

Dr. Burch seeks back pay (minus interim earnings) in the amount of $251,099.20, for the period starting December 11, 2020, through October 6, 2022, and interest on the back wages in the amount of $7,462.22 at the IRS underpayment rate at 26 U.S.C. § 6621, compounded daily. As of October 6, 2022, Dr. Burch seeks further back pay due to his salary/benefits at his new job when compared with his job with Respondent, and compensatory damages for the following:

- Medical expenses of $5,000.00
- Pain and suffering including mental distress of $150,000.00
- 700 unvested shares in ExxonMobil at $53.98 a share at the time of his termination worth approximately $37,786.00
- Pecuniary damages surrounding Respondent's 401K matching contribution for years, 2020, 2021, 2022 and 2023, including interest.

Dr. Burch also seeks the right to exercise stock options pursuant to Respondent's policy.

Complainants' attorney's fees are continuing, and the rates are as follows:

1. Neil Henrichsen, Esquire: $757.00
2. Samuel Kanupp, Esquire $400.00
3. Kadean Wilson, Esquire: $350
4. Law clerk/paralegal time: $150

The case is continuing, and Complainants' reserve the right to amend or supplement their response.

Dated: May 30, 2023                    Respectfully Submitted,

/s/Neil L. Henrichsen
Neil L. Henrichsen
DC Bar No. 420277
HENRICHSEN LAW GROUP, P.L.L.C.
1725 I Street, NW, Suite 300
Washington, DC 20006
Tele: (202) 423-3649
Fax: (202) 379-9792
nhenrichsen@hslawyers.com
service@hslawyers.com

**Attorney for Complainants**

5

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 30th day of May 2023, a true and correct copy of the foregoing was furnished via electronic mail to:

> Richard J. Cino, Esq.
> Joseph C. Toris, Esq.
> Jackson Lewis
> 200 Connell Drive, Suite 2000
> Berkley Heights NJ 07922
> Email:  Richard.cino@jacksonlewis.com
>           Joseph.toris@jacksonlewis.com
>
> *Attorneys for Respondent Exxon Mobil Corporation*
>
>
> By: <u>*/s/ Neil L. Henrichsen*</u>
>      Neil L. Henrichsen

# EXHIBIT B

**IN THE UNITED STATES DEPARTMENT OF LABOR-OSHA**
**OFFICE OF ADMINISTRATIVE LAW JUDGES**

|  |  |  |
|---|---|---|
| | : | |
| Lindsey Gulden, | : | OALJ Case. No.: 2023-SOX-00021 |
| | : | OSHA Case No.: 6-1730-21-120 |
| Complainant, | : | |
| | : | |
| v. | : | |
| | : | |
| Exxon Mobil Corporation, | : | |
| | : | |
| Respondent. | : | |
| | : | |

**RESPONDENT'S INITIAL DISCLOSURES**

Respondent, Exxon Mobil Corporation ("Respondent"), by its attorneys, Jackson Lewis, P.C., pursuant to 29 C.F.R. 18.50(c)(1)(i), makes the following disclosures:

**18.50(c)(1)(i)(A)     Initial Disclosures**

i.      The name, and if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment:

**RESPONSE:** Any and all individuals named in documents referenced as part of these Disclosures or in discovery, including but not limited to:

1.  Complainant, Lindsey Gulden. Complainant is believed to have knowledge and information concerning all matters raised in her OSHA Complaint.

2.  Beth Casteel, Head of Audit, may only be contacted through defense counsel, and may testify regarding the matters related to Respondent's investigation of leaks of confidential, non-public information and the factors leading to the decision to terminate Complainant's employment.

3.  Michael Deal, Vice President of Research and Technology Development, Upstream Integrated Solutions, may only be contacted through defense counsel, and may testify regarding the matters related to Respondent's decision to terminate Complainant's employment, including the factors that contributed to that decision.

4. Other current or former employees of Respondent or its affiliates who, in the course of performing their normal job duties, may have knowledge or information regarding the subject matter alleged in the Complaint.

5. Other individuals identified in discovery, including documents produced in this matter by any party or non-party, and other individuals named in Complainant's initial disclosures and Complaint.

These initial disclosures are not intended to be a final list of possible witnesses in this matter. Respondent reserves the right to supplement these initial disclosures as this matter continues. Respondent also reserves the right to call any witness disclosed by Complainant in his initial disclosures, in discovery or at any hearing in this matter.

**18.50(c)(1)(i)(B)**

ii.    A copy of, or a description by category and location of, all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment:

**RESPONSE:**

1. Personnel documents related to Complainant's employment with Respondent;

2. Relevant policies of Respondent, including those contained in Respondent's Employee Handbook and Code of Ethics;

3. Documents, including e-mail correspondence, between Complainant and Respondent's employees and third parties, related to issues identified in the Complaint;

4. Documents related to the decision to terminate Complainant's employment.

The above referenced documents are not intended to be a final list of possible documents to be used in this matter. Respondent reserves the right to supplement these initial disclosures as investigation continues. Respondent also reserves the right to utilize any documents disclosed by Complainant in her initial disclosures, in discovery or at any hearing in this matter.

**18.50(c)(1)(i)(C)**

iii.    A computation of any category of damages claimed by the disclosing party:

**RESPONSE:  Not applicable.**

**18.50(c)(2)**                    Disclosure of Expert Testimony

**RESPONSE**:  **None at this time.**

JACKSON LEWIS P.C.
200 Connell Drive, Suite 2000
Berkeley Heights, NJ  07922
(908) 795-5200
Attorneys for Respondent

BY:   */s/ Richard J. Cino*
Richard J. Cino
Joseph C. Toris

**DATED:**  June 30, 2023

4871-6994-5965, v. 1

## IN THE UNITED STATES DEPARTMENT OF LABOR-OSHA
## OFFICE OF ADMINISTRATIVE LAW JUDGES

|  |  |  |
|---|---|---|
| | : | |
| Damian Burch, | : | OALJ Case. No.: 2023-SOX-00022 |
| | : | OSHA Case No.: 6-1730-21-120 |
| Complainant, | : | |
| | : | |
| v. | : | |
| | : | |
| Exxon Mobil Corporation, | : | |
| | : | |
| Respondent. | : | |
| | : | |

### RESPONDENT'S INITIAL DISCLOSURES

Respondent, Exxon Mobil Corporation ("Respondent"), by its attorneys, Jackson Lewis,

P.C., pursuant to 29 C.F.R. 18.50(c)(1)(i), makes the following disclosures:

**18.50(c)(1)(i)(A)        Initial Disclosures**

i.        The name, and if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment:

**RESPONSE:** Any and all individuals named in documents referenced as part of these Disclosures or in discovery, including but not limited to:

1. Complainant, Damian Burch. Complainant is believed to have knowledge and information concerning all matters raised in his OSHA Complaint.

2. Charles Tautfest, Unconventional Development Planning Manager for ExxonMobil Global Projects Company, may only be contacted through defense counsel, and may testify regarding the matters related to Complainant's employment, including but not limited to, Complainant's work in connection with the planning of the development of the Permian Basin and communications with Complainant regarding this work.

3. Alejandro Tello, may only be contacted through defense counsel, and may testify regarding the matters related to Complainant's employment, including but not limited to, the October 2019 meeting concerning the results of the 2020 development plan.

4. Caroline Breaux, may only be contacted through defense counsel, and may testify regarding the matters related to Complainant's employment, including but not limited to, the October 2019 meeting concerning the results of the 2020 development plan.

5. Melissa Bond, Manager, Upstream Oil & Gas, may only be contacted through defense counsel, and may testify regarding the matters related to Complainant's employment, including but not limited to, Complainant's work in connection with the planning of the development of the Permian Basin, communications with Complainant regarding this work and the October 2019 meeting concerning the results of the 2020 development plan.

6. Adam Ostridge, may only be contacted through defense counsel, and may testify regarding the matters related to Complainant's employment, including but not limited to, the October 2019 meeting concerning the results of the 2020 development plan.

7. Robert Heinle, may only be contacted through defense counsel, and may testify regarding the matters related to Complainant's employment, including but not limited to, the October 2019 meeting concerning the results of the 2020 development plan.

8. Beth Casteel, Head of Audit, may only be contacted through defense counsel, and may testify regarding the matters related to Respondent's investigation of leaks of confidential, non-public information and the factors leading to the decision to terminate Complainant's employment.

9. Richard McGovern, Audit Investigator (ret.), may only be contacted through defense counsel, and may testify regarding the matters related to his investigation into emails sent by Complainant from his work computer to his personal email account.

10. Richard Igercich, Vice President of Development Planning, Organization, Global Projects, may only be contacted through defense counsel, and may testify regarding the matters related to Respondent's decision to terminate Complainant's employment, including the factors that contributed to that decision.

11. Other current or former employees of Respondent or its affiliates who, in the course of performing their normal job duties, may have knowledge or information regarding the subject matter alleged in the Complaint.

12. Other individuals identified in discovery, including documents produced in this matter by any party or non-party, and other individuals named in Complainant's initial disclosures and Complaint.

These initial disclosures are not intended to be a final list of possible witnesses in this matter. Respondent reserves the right to supplement these initial disclosures as this matter continues. Respondent also reserves the right to call any witness disclosed by Complainant in his initial disclosures, in discovery or at any hearing in this matter.

**18.50(c)(1)(i)(B)**

ii. A copy of, or a description by category and location of, all documents, electronically stored information, and tangible things that the disclosing party has in its

possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment:

**RESPONSE:**

1. Personnel documents related to Complainant's employment with Respondent;

2. Relevant policies of Respondent, including those contained in Respondent's Employee Handbook and Code of Ethics;

3. Documents, including e-mail correspondence, between Complainant and Respondent's employees and third parties, related to issues identified in the Complaint;

4. Documents related to the decision to terminate Complainant's employment.

The above referenced documents are not intended to be a final list of possible documents to be used in this matter. Respondent reserves the right to supplement these initial disclosures as investigation continues. Respondent also reserves the right to utilize any documents disclosed by Complainant in her initial disclosures, in discovery or at any hearing in this matter.

**18.50(c)(1)(i)(C)**

iii.    A computation of any category of damages claimed by the disclosing party:

**RESPONSE:  Not applicable.**

**18.50(c)(2)**              Disclosure of Expert Testimony

**RESPONSE**:  **None at this time.**

JACKSON LEWIS P.C.
200 Connell Drive, Suite 2000
Berkeley Heights, NJ  07922
(908) 795-5200
Attorneys for Respondent

BY:   */s/ Richard J. Cino*
Richard J. Cino

**DATED:**  June 30, 2023              Joseph C. Toris

4856-4217-0733, v. 1

# EXHIBIT C

## U.S. District Court — Judicial Caseload Profile

**NEW JERSEY**

| | | | 12-Month Periods Ending | | | | | | Numerical Standing Within | |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | Jun 30 2019 | Jun 30 2020 | Jun 30 2021 | Jun 30 2022 | Jun 30 2023 | Jun 30 2024 | U.S. | Circuit |
| **Overall Caseload Statistics** | Filings [1] | | 25,179 | 19,232 | 28,150 | 14,268 | 9,351 | 29,274 | | |
| | Terminations | | 14,108 | 12,217 | 10,285 | 10,041 | 10,765 | 9,336 | | |
| | Pending | | 35,832 | 42,746 | 60,624 | 64,852 | 63,445 | 83,378 | | |
| | Percent Change in Total Filings Current Year Over Earlier Year | | 16.3 | 52.2 | 4.0 | 105.2 | 213.1 | | 1 | 1 |
| | Number of Judgeships | | 17 | 17 | 17 | 17 | 17 | 17 | | |
| | Vacant Judgeship Months [2] | | 57.3 | 72.0 | 37.7 | 57.0 | 25.8 | 11.3 | | |
| **Actions per Judgeship** | **Filings** | Total | 1,481 | 1,131 | 1,656 | 839 | 550 | 1,722 | 2 | 1 |
| | | Civil | 1,422 | 1,069 | 1,600 | 783 | 494 | 1,671 | 2 | 1 |
| | | Criminal Felony | 48 | 53 | 46 | 44 | 44 | 40 | 75 | 3 |
| | | Supervised Release Hearings | 11 | 10 | 10 | 12 | 12 | 11 | 84 | 3 |
| | Pending Cases [2] | | 2,108 | 2,514 | 3,566 | 3,815 | 3,732 | 4,905 | 2 | 1 |
| | Weighted Filings [2] | | 1,031 | 780 | 1,198 | 659 | 454 | 1,289 | 2 | 1 |
| | Terminations | | 830 | 719 | 605 | 591 | 633 | 549 | 23 | 1 |
| | Trials Completed | | 8 | 5 | 3 | 7 | 7 | 6 | 89 | 5 |
| **Median Time (Months)** | From Filing to Disposition | Criminal Felony | 8.2 | 8.5 | 11.1 | 12.5 | 14.7 | 14.3 | 49 | 1 |
| | | Civil [2] | 5.0 | 9.8 | 9.8 | 7.6 | 10.8 | 7.1 | 25 | 3 |
| | From Filing to Trial [2] (Civil Only) | | 47.9 | 39.4 | - | 50.2 | 56.5 | 57.8 | 53 | 4 |
| **Other** | Number (and %) of Civil Cases Over 3 Years Old [2] | | 1,026 2.9 | 1,912 4.6 | 11,385 19.2 | 23,459 37.1 | 30,520 49.3 | 48,817 59.5 | 90 | 6 |
| | Average Number of Felony Defendants Filed per Case | | 1.1 | 1.1 | 1.1 | 1.1 | 1.1 | 1.1 | | |
| | Jurors | Avg. Present for Jury Selection | 104.8 | 99.4 | 97.0 | 130.6 | 93.0 | 85.1 | | |
| | | Percent Not Selected or Challenged | 37.4 | 43.4 | 39.2 | 45.1 | 43.0 | 45.9 | | |

| **2024 Civil Case and Criminal Felony Defendant Filings by Nature of Suit and Offense** | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Type of | Total | A | B | C | D | E | F | G | H | I | J | K | L |
| Civil | 28,403 | 310 | 20,625 | 1,148 | 10 | 65 | 460 | 982 | 1,149 | 532 | 1,461 | 66 | 1,595 |
| Criminal [1] | 686 | 45 | 215 | 24 | 97 | 201 | 24 | 26 | 3 | 6 | 6 | 8 | 31 |

NOTE: Criminal data in this profile count defendants rather than cases and therefore will not match previously published numbers.

[1] Filings in the "Overall Caseload Statistics" section include criminal transfers, while filings by "Nature of Offense" do not.

[2] See "Explanation of Selected Terms."

## U.S. District Court — Judicial Caseload Profile

**TEXAS SOUTHERN**

| | | | 12-Month Periods Ending | | | | | | Numerical Standing Within | |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | Jun 30 2019 | Jun 30 2020 | Jun 30 2021 | Jun 30 2022 | Jun 30 2023 | Jun 30 2024 | U.S. | Circuit |
| **Overall Caseload Statistics** | Filings [1] | | 16,792 | 18,459 | 16,131 | 14,753 | 14,753 | 14,130 | | |
| | Terminations | | 15,234 | 18,282 | 15,157 | 15,779 | 14,740 | 14,155 | | |
| | Pending | | 14,246 | 14,466 | 15,588 | 14,657 | 14,631 | 14,737 | | |
| | Percent Change in Total Filings Current Year Over Earlier Year | | -15.9 | -23.5 | -12.4 | -4.2 | -4.2 | | 70 | 8 |
| | Number of Judgeships | | 19 | 19 | 19 | 19 | 19 | 19 | | |
| | Vacant Judgeship Months [2] | | 30.7 | 15.4 | 0.0 | 5.9 | 17.2 | 30.3 | | |
| **Actions per Judgeship** | **Filings** | Total | 884 | 972 | 849 | 776 | 776 | 744 | 12 | 2 |
| | | Civil | 364 | 356 | 313 | 314 | 340 | 342 | 40 | 6 |
| | | Criminal Felony | 427 | 535 | 452 | 373 | 346 | 310 | 3 | 2 |
| | | Supervised Release Hearings | 93 | 81 | 84 | 90 | 90 | 92 | 9 | 1 |
| | Pending Cases [2] | | 750 | 761 | 820 | 771 | 770 | 776 | 17 | 4 |
| | Weighted Filings [2] | | 657 | 682 | 631 | 592 | 584 | 580 | 24 | 6 |
| | Terminations | | 802 | 962 | 798 | 830 | 776 | 745 | 7 | 2 |
| | Trials Completed | | 23 | 20 | 18 | 23 | 25 | 15 | 43 | 5 |
| **Median Time (Months)** | From Filing to Disposition | Criminal Felony | 4.6 | 4.0 | 5.3 | 5.0 | 4.8 | 5.1 | 3 | 1 |
| | | Civil [2] | 7.0 | 8.1 | 8.7 | 8.9 | 8.0 | 7.6 | 36 | 4 |
| | From Filing to Trial [2] (Civil Only) | | 22.0 | 24.9 | 21.1 | 29.4 | 24.0 | 30.0 | 14 | 4 |
| **Other** | Number (and %) of Civil Cases Over 3 Years Old [2] | | 373 6.5 | 332 5.8 | 322 5.8 | 332 6.2 | 366 6.4 | 358 5.9 | 23 | 4 |
| | Average Number of Felony Defendants Filed per Case | | 1.1 | 1.1 | 1.1 | 1.1 | 1.1 | 1.1 | | |
| | Jurors | Avg. Present for Jury Selection | 46.2 | 50.7 | 39.6 | 41.6 | 40.8 | 45.1 | | |
| | | Percent Not Selected or Challenged | 39.9 | 36.9 | 32.5 | 32.1 | 36.1 | 36.5 | | |

| 2024 Civil Case and Criminal Felony Defendant Filings by Nature of Suit and Offense | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Type of | Total | A | B | C | D | E | F | G | H | I | J | K | L |
| Civil | 6,492 | 118 | 67 | 969 | 29 | 299 | 270 | 1,428 | 1,089 | 351 | 801 | 5 | 1,066 |
| Criminal [1] | 5,888 | 15 | 709 | 4,165 | 306 | 267 | 89 | 86 | 2 | 23 | 32 | 140 | 54 |

NOTE: Criminal data in this profile count defendants rather than cases and therefore will not match previously published numbers.

[1] Filings in the "Overall Caseload Statistics" section include criminal transfers, while filings by "Nature of Offense" do not.

[2] See "Explanation of Selected Terms."