# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| LINDSEY GULDEN <br><br> and <br><br> DAMIAN BURCH, <br><br>   Plaintiffs, <br><br> v. <br><br> EXXON MOBIL CORPORATION <br><br>   Defendant. | Civil Action No. 3:24-CV-07381-MAS-TJB <br><br> **<u>ORAL ARGUMENT REQUESTED</u>** <br><br> **Motion Returnable: November 18, 2024** |

---

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

---

Of Counsel and On the Brief:

    **JACKSON LEWIS, P.C.**
    Richard J. Cino, Esq.
    Bianca M. Olivadoti, Esq.

    **NORTON ROSE FULBRIGHT US LLP**
    Reagan M. Brown, Esq., *pro hac vice pending*

On the Brief:

    **JACKSON LEWIS, P.C.**
    Matthew P. Rocco, Esq.

# **TABLE OF CONTENTS**

**PAGE**

TABLE OF AUTHORITIES ................................................................................................. i

PRELIMINARY STATEMENT .......................................................................................... 1

FACTUAL STATEMENT AND PROCEDURAL HISTORY ........................................... 2

    A.  STATEMENT OF FACTS ................................................................................. 2

    B.  RELEVANT PROCEDURAL HISTORY ......................................................... 4

LEGAL ARGUMENT .......................................................................................................... 6

    POINT I ............................................................................................................................ 6

        PLAINTIFFS' COMPLAINT FAILS TO STATE A CLAIM UPON
        WHICH RELIEF CAN BE GRANTED ................................................................ 6

    POINT II ........................................................................................................................... 7

        PLAINTIFFS' COMPLAINT APPARENTLY SEEKS TO
        INCLUDE AN UNTIMELY SUBSECTION (a)(2) CLAIM ................................ 7

    POINT III ........................................................................................................................ 10

        PLAINTIFFS DO NOT PLEAD A *PRIMA FACIE* SUBSECTION
        (a)(1) CLAIM ........................................................................................................ 10

    POINT IV ....................................................................................................................... 13

        PLAINTIFFS FAILED TO TIMELY ASSERT A SUBSECTION
        (a)(2) CLAIM ........................................................................................................ 13

    POINT V ......................................................................................................................... 15

        IN ADDITION TO BEING UNTIMELY, PLAINTIFFS DO NOT
        PLEAD A *PRIMA FACIE* SUBSECTION (a)(2) CLAIM ................................ 15

CONCLUSION .................................................................................................................... 17

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

Albright v. Oliver,
  510 U.S. 266 (1994)...................................................................................................6

Ashcroft v. Iqbal,
  556 U.S. 662 (2009)...................................................................................................7

Dig. Realty Tr., Inc. v. Somers,
  583 U.S. 149 (2018).................................................................................................13

Erhart v. Bofi Holding, Inc.,
  2017 U.S. Dist. LEXIS 20959 (S.D. Cal. Feb. 14, 2017) ........................................12

Fisher Bros. Sales v. United States,
  46 F.3d 279 (3d Cir.), cert. denied 516 U.S. 806 (1995) ..........................................6

Fowler v. UPMC Shadyside,
  578 F.3d 203 (3d Cir. 2009).......................................................................................7

Fraser v. Fiduciary Tr. Co. Int'l,
  2009 U.S. Dist. LEXIS 75565 (S.D.N.Y. Aug. 25, 2009)..................................11, 14

Great W. Mining & Mineral Co. v. Fox Rothschild LLP,
  2009 U.S. Dist. LEXIS 20730 (D.N.J. 2009) ............................................................6

Gregory v. Admin. Office of the Courts of N.J.,
  168 F. Supp. 2d 319 (D.N.J. 2001) ............................................................................6

Hill v. Komatsu Am. Corp.,
  2015 U.S. Dist. LEXIS 116611 (N.D. Ill. Aug. 26, 2015).......................................10

Leboon v. Lancaster Jewish Cmty. Crt.,
  503 F.3d 217 (3d Cir. 2007).....................................................................................11

Pardy v. Gray,
  2008 U.S. Dist. LEXIS 53997 (S.D.N.Y. July 15, 2008) ........................................11

Resnik v. Boskin,
  2011 U.S. Dist. LEXIS 16634 (D.N.J. 2011) ............................................................7

Sharkey v. J.P. Morgan Chase & Co.,
  805 F. Supp. 2d 45 (S.D.N.Y. 2011)........................................................................13

Turnbull v. JPMorgan Chase & Co.,
    2022 U.S. Dist. LEXIS 35660 (S.D.N.Y. Feb. 24, 2022) ........................................................ 8

Urey v. Grove City College,
    94 Fed. App'x 79 (3rd Cir. 2004) ..................................................................................... 11

Wallace v. Tesoro Corp.,
    796 F. 3d 468 (5th Cir. 2015) .......................................................................................... 14

Wiest v. Lynch,
    710 F.3d 121 (3d Cir. 2013) ............................................................................................... 9

Wiest v. Tyco Elecs. Corp.,
    812 F.3d 319 (3d Cir. 2016) ...................................................................................... 10, 12

Wingo v. The Southern Co.,
    2018 U.S. Dist. LEXIS 88938 (N.D. Ala. May 29, 2018) .................................................. 14

Wutherich v. Rice Energy Inc.,
    2020 U.S. Dist. LEXIS 80333 (W.D. Pa., May 5, 2020) ................................................ 8, 15

**Statutes**

18 U.S.C. § 1514A .......................................................................................................... 7, 13

18 U.S.C. § 1514A(a)(1) ............................................................................................ *passim*

18 U.S.C. § 1514A(a)(2) ............................................................................................ *passim*

18 U.S.C. §1514A(b)(2)(D) .................................................................................... 1, 12, 13

**Other Authorities**

Federal Rule of Civil Procedure 12(b)(6) ................................................................. 1, 6, 16

## **PRELIMINARY STATEMENT**

Defendant Exxon Mobil Corporation ("ExxonMobil" or "Defendant") brings this motion pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss the Complaint of Plaintiffs Lindsey Gulden ("Gulden") and Damian Burch ("Burch") (collectively, "Plaintiffs") for failure to state a claim upon which relief may be granted. Plaintiffs' Complaint alleges two separate causes of action under 18 U.S.C. § 1514A(a)(1) ("subsection (a)(1)") and 18 U.S.C. § 1514A(a)(2) ("subsection (a)(2)"). As described in detail below, the Complaint fails as a matter of law.

Plaintiffs' subsection (a)(1) claim must be dismissed because Plaintiffs do not plead a *prima facie* subsection (a)(1) claim. Specifically, Plaintiffs have not pled facts that show a causal connection between their purported protected conduct and terminations from ExxonMobil.

Additionally, for two reasons, Plaintiffs' subsection (a)(2) claim must be dismissed. First, Plaintiffs failed to assert such claim in their February 2021 Occupational Safety and Health Administration ("OSHA") Complaint. Under the Sarbanes-Oxley Act ("SOX"), pursuant to 18 U.S.C. §1514A(b)(2)(D), claims must be brought within 180 days. Accordingly, Plaintiffs failed to exhaust their administrative remedies as to their subsection (a)(2) claim and, therefore, cannot now assert such claim in federal district court. Second, Plaintiffs have not pled the *prima facie* elements required for such claim, as they have failed to identify a "proceeding" filed or about to be filed – let alone a "proceeding" in which they assisted. Consequently, Plaintiffs have also failed to allege that they assisted in a proceeding, that the unidentified proceeding related to enumerated statutes, or that ExxonMobil had knowledge of the unidentified proceeding.

For the reasons discussed throughout this memorandum, dismissal of Plaintiffs' Complaint, in its entirety, with prejudice, is appropriate as a matter of law.

1

## FACTUAL STATEMENT AND PROCEDURAL HISTORY[1]

### A. STATEMENT OF FACTS

Plaintiffs are former employees of ExxonMobil affiliates. Gulden worked for ExxonMobil Upstream Integrated Solutions. (PACER Docket Entry ("D.E.") 1 at ¶ 16). Burch worked for ExxonMobil Global Projects. (Id. at ¶ 17).

Plaintiffs allege that in 2019, the Development Planning team for the Delaware Basin initially estimated a net present value ("NPV") that was $20 billion less than the estimate for 2018. (Id. at ¶ 20). Plaintiffs claim ExxonMobil previously made statements that it would increase the production of oil and gas from the Permian Basin, an area which includes the Delaware Basin, to one million barrels per day as early as 2024. (Id. at ¶ 21). Plaintiffs allege ExxonMobil pressured the Development Planning team to change the development plan so the 2019 NPV estimate would be consistent with previous statements. (Id. at ¶ 24). Plaintiffs assert this included the use of increasingly aggressive learning curve assumptions that were not consistent with drilling speed data. (Id. at ¶¶ 26-27).

Plaintiffs allege, following an October 23, 2019 presentation concerning the 2019 Delaware Basin development plan, Gulden and Burch complained to Human Resources ("HR") regarding the Company's purported use of "false data to exaggerate drilling output." (Id. at ¶¶ 32-33, 36-37). Plaintiffs allege that Burch sent a November 14, 2019 email to HR claiming that ExxonMobil was misleading senior management in regard to learning curve assumptions for the Delaware Basin Project. (Id. at ¶ 39). Significantly, Plaintiffs identify only their internal complaints to HR as their "protected activity under SOX." (Id. at ¶¶ 38).

---

[1] The following facts are taken from Plaintiffs' Complaint and taken as true only for purposes of this motion. ExxonMobil reserves the right to contest the truth of each and every allegation (factual or otherwise) contained in the Complaint should this motion be denied.

2

Nearly a year after their alleged internal complaints, on September 13, 2020, the Wall Street Journal ("WSJ") published an article entitled, "*Exxon Used to Be America's Most Valuable Company, What Happened?,*" which included allegations similar to those allegedly made by Plaintiffs in October 2019. (Id. at ¶ 42). **Importantly, neither Plaintiff alleges in the Complaint that they provided information to WSJ or otherwise participated in any way in the WSJ article.**[2] Following the publication of the article, Plaintiffs allege ExxonMobil "initiated an investigation believing that both" Plaintiffs "were sources of the said WSJ article." (Id. at ¶ 43).

On October 23, 2020, ExxonMobil terminated Gulden's employment. (Id. at ¶ 49). Gulden alleges her termination was "in retaliation for her protected activity under SOX[,]" – i.e., having complained to HR in October 2019 – and because "Exxon Mobil believed Dr. Gulden was a source of the WSJ article." (Id.).

On December 10, 2020, ExxonMobil terminated Burch's employment after it determined he had forwarded Company files to his personal email address, modified files during the investigation, failed to disclose certain information during the investigation and did not cooperate in the investigation. (Id. at ¶¶ 50-52). Burch alleges his termination was "in retaliation for his protected activity under SOX[,]" – i.e., having complained to HR in October-November 2019 – and because "Exxon Mobil believed Dr. Burch was a source of the WSJ article." (Id. at ¶ 54).

### B. RELEVANT PROCEDURAL HISTORY

On February 10, 2021 Plaintiffs filed a joint Complaint against ExxonMobil with OSHA. (Id. at ¶ 1). (See also OSHA Complaint, attached to the Certification of Richard J. Cino ("Cino Cert.") as Exhibit A). Plaintiffs' OSHA Complaint exclusively asserted a claim for relief under 18

---

[2] Plaintiffs also did not allege participation in the WSJ article in their February 2021 OSHA Complaint or in their July 2023 Bill of Particulars filed with the Office of Administrative Law Judges, in which they had an opportunity to restate and further clarify their allegations and claims.

3

U.S.C. § 1514A**(a)(1)**. (See Cino Cert., Exhibit A, at Introductory Paragraph (Gulden and Burch "allege claims pursuant to Section 806 of the Sarbanes-Oxley Act ("SOX"), 18 U.S.C. § 1514A(a)(1) …")).

On May 6, 2022, OSHA issued a notice letter to ExxonMobil, which also exclusively referenced 18 U.S.C. § 1514A**(a)(1)**. Thereafter, on October 6, 2022, OSHA issued its "reasonable cause to believe" Findings and Preliminary Order. (D.E. 1 at ¶ 3). (See also OSHA Findings and Preliminary Order, attached to the Cino Cert. as Exhibit B). OSHA found that ExxonMobil's supposed suspected belief that Plaintiffs had disclosed information to the WSJ contributed to their terminations in violation of 18 U.S.C. § 1514A**(a)(2)**. (See Cino Cert., Exhibit B). On November 2, 2022, ExxonMobil filed an objection to OSHA's Findings and Preliminary Order and timely exercised its right to a *de novo* hearing before an Administrative Law Judge.

On December 20, 2022, Plaintiffs filed a Verified Complaint and Motion for Order to Show Cause before this Court, seeking to enforce OSHA's Preliminary Order of reinstatement. (See Verified Complaint, attached to the Cino Cert. as Exhibit C). Notably, like the joint OSHA Complaint, the Verified Complaint sought relief exclusively under 18 U.S.C. § 1514A**(a)(1)**. (Id. at ¶ 11). ExxonMobil filed a motion to dismiss the Verified Complaint for lack of jurisdiction and this Court granted that motion on April 19, 2023. (See Judge Shipp's Order and Memorandum Opinion, attached to the Cino Cert. as Exhibit D). Plaintiffs filed an appeal of this decision with the Third Circuit Court of Appeals in May 2023, which is still pending.

Having been unsuccessful in seeking to enforce preliminary reinstatement in this Court, on August 3, 2023, Plaintiffs filed a Motion To Enforce OSHA's Preliminary Order of reinstatement with District Chief Administrative Law Judge Patrick M. Rosenow. On August 28, 2023, Judge Rosenow denied the Motion, indicating that he lacked jurisdiction to grant the requested relief.

4

(See Judge Rosenow's Ruling on Plaintiffs' Motion to Enforce Reinstatement, attached to the Cino Cert. as Exhibit E). On September 11, 2023, Plaintiffs filed a Petition with the Administrative Review Board ("ARB") seeking to enforce the Preliminary Order of reinstatement. On February 29, 2024, the ARB issued a decision denying Plaintiffs' Petition. (See ARB's Decision and Order Denying Interlocutory Appeal, attached to the Cino Cert. as Exhibit F).

After the ARB decision, the parties completed briefing on ExxonMobil's Motion to Dismiss Plaintiffs' claim under 18 U.S.C. § 1514A(a)(2), wherein ExxonMobil showed that Plaintiffs' February 2021 OSHA Complaint did not mention subsection (a)(2), their July 2023 Bill of Particulars did not plead facts supporting the *prima facie* elements of subsection (a)(2). (See Bill of Particulars, attached to the Cino Cert. as Exhibit G). On April 11, 2024 Judge Rosenow granted ExxonMobil's motion, stating, in part: "I find the Bill of Particulars, even with the amendment as noted, fails to allege any proceeding filed or about to be filed. Accordingly, the complaints as to Subsection (a)(2) are dismissed." (See Judge Rosenow's Ruling on ExxonMobil's Motion to Unjoin and Dismiss, attached to the Cino Cert. as Exhibit H).

Following Judge Rosenow's dismissal of the subsection (a)(2) claim, and while their Third Circuit appeal was pending, Plaintiffs abandoned the administrative process by seeking a *de novo* review and jury trial through filing their instant Complaint. In light of Plaintiffs filing this case, Judge Rosenow issued an Order on July 2, 2024 dismissing Plaintiffs' administrative case. (See Judge Rosenow's Order Dismissing Case, attached to the Cino Cert. as Exhibit I). ExxonMobil subsequently moved to dismiss Plaintiffs' Third Circuit appeal as moot. This motion remains pending.

ExxonMobil now moves to dismiss Plaintiffs' Complaint in its entirety for failure to state a claim upon which relief may be granted.

## LEGAL ARGUMENT

### POINT I

### PLAINTIFFS' COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

Plaintiffs' Complaint is subject to dismissal under Fed. R. Civ. P. 12 (b)(6), as the allegations, even when accepted as true, fail to establish any viable cause of action against ExxonMobil, requiring dismissal.

Rule 12(b)(6) authorizes a Court to dismiss a pleading that fails to state a claim upon which relief can be granted. See Gregory v. Admin. Office of the Courts of N.J., 168 F. Supp. 2d 319, 326 (D.N.J. 2001) (court may dismiss complaint pursuant to Fed. R. Civ. P. 12(b)(6) "if it appears certain the plaintiff cannot prove any set of facts in support of its claims which would entitle it to relief."). In considering a motion under Rule 12(b)(6), the Court accepts as true all of the allegations in the plaintiff's complaint and draws all reasonable references in favor of the plaintiff. See Albright v. Oliver, 510 U.S. 266, 268 (1994).

Nevertheless, the Court is not required to accept a plaintiff's characterization of the facts. See Fisher Bros. Sales v. United States, 46 F.3d 279, 286 (3d Cir.), cert. denied 516 U.S. 806 (1995)). Indeed, "while a court will accept well-plead allegations as true . . . it will not accept unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegation." Great W. Mining & Mineral Co. v. Fox Rothschild LLP, 2009 U.S. Dist. LEXIS 20730, at *6 (D.N.J. 2009). Rather, to survive a motion to dismiss, the complaint must set forth sufficient direct or inferential allegations to demonstrate that *all material elements* necessary for recovery under the relevant legal theory exist. See Resnik v. Boskin, 2011 U.S. Dist. LEXIS 16634, at *4-5 (D.N.J. 2011).

To meet this standard, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2008)). See also Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 555). See also Fowler, 578 F.3d at 210.

The Third Circuit has adopted a two-prong test for district courts to apply in deciding motions to dismiss for failure to state a claim. First, a Court should accept all well-pleaded facts as true and discard any legal conclusion contained in the complaint. See Fowler, 578 F.3d at 210-11. Second, a Court should consider whether the facts alleged in the complaint sufficiently demonstrate that the plaintiff has a "plausible claim for relief." See id. at 211.

As will be shown below, Plaintiffs' Complaint pleads no plausible claim for relief, even when accepting all alleged facts as true.

## POINT II

## PLAINTIFFS' COMPLAINT APPARENTLY SEEKS TO INCLUDE AN UNTIMELY SUBSECTION (a)(2) CLAIM

As stated above, Plaintiffs' OSHA Complaint alleged only a subsection (a)(1) claim (see Cino Cert., Exhibit A). In an apparent attempt to include an untimely subsection (a)(2) claim, Plaintiffs' instant Complaint makes a general reference to 18 U.S.C. § 1514A without specifying subsection (a)(1) or (a)(2).

Subsection (a)(1) states an employee must:

> (1) [] provide information, cause information to be provided, or otherwise assist in an investigation regarding any conduct which the employee reasonably believes constitutes a violation of section 1341, 1343, 1344, or 1348, any rule or regulation of the Securities and Exchange Commission, or any provision of Federal law

7

>relating to fraud against shareholders, when the information or assistance is provided to or the investigation is conducted by—
>
>(A) a Federal regulatory or law enforcement agency;
>
>(B) any Member of Congress or any committee of Congress; or
>
>(C) a person with supervisory authority over the employee (or such other person working for the employer who has the authority to investigate, discover, or terminate misconduct);

See 18 U.S.C. § 1514A(a)(1). The factual allegations in Plaintiffs' Complaint clearly seek to plead a claim under subsection (a)(1). (See e.g., D.E. 1 at ¶¶ 35-39).

By contrast, subsection (a)(2) states an employee must "file, cause to be filed, testify, participate in, or otherwise assist in a proceeding filed or about to be filed (with any knowledge of the employer) relating to an alleged violation of [the enumerated statutes]." See 18 U.S.C. § 1514A(a)(2). As will be discussed below, Plaintiffs' Complaint does not plead facts that support a subsection (a)(2) claim.

Subsection (a)(1) and subsection (a)(2) are distinct causes of action that require separate proofs. For example, in Wutherich v. Rice Energy Inc., 2020 U.S. Dist. LEXIS 80333, fn. 6, 7 (W.D. Pa., May 5, 2020), the Court found the plaintiff had not alleged a claim under subsection (a)(2), in part, because he did not allege how his communications satisfied the legal requirements set forth in the subsection and, in part, because he failed to identify a proceeding at issue. See also Turnbull v. JPMorgan Chase & Co., 2022 U.S. Dist. LEXIS 35660, at *11 (S.D.N.Y. Feb. 24, 2022) (emphasis added) (quotations in original) (where the plaintiff brought a complaint under 18 U.S.C. § 1514A(a)(2), the Court rejected the argument that a subsection (a)(2) claim need not prove causation and held "[t]he formulation of § 1514A(a) that unfavorable personnel action is unlawful if done 'because of' conduct protected by subsections (1) and (2) applies to both of those

8

subsections. **The only difference between the two** [subsection (a)(1) and (a)(2)] **is the type of conduct each section covers**.")

As each subsection is a unique cause of action, requiring different factual predicates, separate analyses of the subsection (a)(1) and (a)(2) claims are provided below. Both claims fail as a matter of law because Plaintiffs' Complaint fails to assert facts, accepted as true for the limited purpose of this motion, that set forth a *prima facie* claim under either subsection (a)(1) or (a)(2). Additionally, Plaintiffs' (a)(2) claim is independently subject to dismissal because it was not timely asserted before OSHA, resulting in a failure to exhaust administrative remedies.

## POINT III

### PLAINTIFFS DO NOT PLEAD A *PRIMA FACIE* SUBSECTION (a)(1) CLAIM

The Third Circuit Court of Appeals has established a four-part test for an employee seeking to assert a SOX retaliation claim. An employee must establish: "that he or she (1) 'engaged in a protected activity;' (2) '[t]he respondent knew or suspected that the employee engaged in the protected activity;' (3) '[t]he employee suffered an adverse action;' and (4) '[t]he circumstances were sufficient to raise the inference that the protected activity was a contributing factor in the adverse action.'" Wiest v. Lynch, 710 F.3d 121, 129 (3d Cir. 2013).

Gulden alleges she engaged in protected activity on October 23, 2019 when she made an internal complaint to Tanya Miller, a member of ExxonMobil's HR department. (D.E. 1 at ¶ 36, 38). Burch alleges he engaged in protected activity at the end of October 2019 by making a verbal complaint to Ms. Miller, and then again on November 14, 2019, when he wrote an email to HR. (Id. at ¶¶ 37-39). ExxonMobil terminated Gulden's employment on October 23, 2020, one year after she purportedly engaged in protected activity. (Id. at ¶ 49). ExxonMobil terminated Burch's

9

employment on December 10, 2020, over a year after he sent his November 14, 2019 email. (Id. at ¶ 50).

Plaintiffs must plead facts sufficient to raise the inference that the alleged protected activities were a contributing factor in their terminations. However, "causal connection may be severed by the passage of a significant amount of time, or by some legitimate intervening event." Wiest v. Tyco Elecs. Corp., 812 F.3d 319, 330 (3d Cir. 2016) (citing Feldman v. Law Enforcement Assoc. Corp., 752 F.3d 339, 348 (4th Cir. 2014)).

The significant time lapse between Plaintiffs' purported protected activities and their terminations is fatal to their claims, as it is well established that "[t]emporal proximity between the protected activity and the adverse action is a significant factor in considering a circumstantial showing of causation." Tyco, 812 F.3d at 330 (citing Feldman, 752 F.3d at 348). See also Hill v. Komatsu Am. Corp., 2015 U.S. Dist. LEXIS 116611, at *20 (N.D. Ill. Aug. 26, 2015) ("The closer the temporal proximity, the greater the causal connection there is to the alleged retaliation; this indirect or circumstantial evidence can establish causation in a whistleblower retaliation case.").

Courts have routinely held that where, as here, the only evidence in support of a retaliation claim is temporal proximity, gaps of several months extinguish such a claim. See, e.g., Tyco, 812 F.3d at 331 (citing cases holding that gaps of four to eight months between alleged protected activity and adverse action were insufficient to infer causation); Pardy v. Gray, 2008 U.S. Dist. LEXIS 53997, at *17 (S.D.N.Y. July 15, 2008) (where the plaintiff brought a SOX wrongful termination claim, the Court held, "[t]he gap of six months between July 2005 and January 2006 is not sufficiently proximate to permit the inference that the protected activity was a contributing factor to her termination, and thus Plaintiff has failed to establish her *prima facie* case."); Fraser v. Fiduciary Tr. Co. Int'l, 2009 U.S. Dist. LEXIS 75565, at *18 (S.D.N.Y. Aug. 25, 2009)

10

("Although temporal proximity may play a role in establishing causation, 'district courts in this Circuit have consistently held that a passage of more than two months between the protected activity and the adverse employment action does not allow for an inference of causation.' … Thus, given the ten months that elapsed between Fraser's e-mail to Yun and his termination, Fraser cannot demonstrate the causation necessary to sustain his SOX claim."); Leboon v. Lancaster Jewish Cmty. Crt., 503 F.3d 217, 233 (3d Cir. 2007) (in Title VII retaliation claim, three-month gap between protected activity and adverse actions was insufficient to raise an inference of causation); Urey v. Grove City College, 94 Fed. App'x 79, 81 (3rd Cir. 2004) ("Generally, it can be said that if at least four months pass after the protected activity without employer reprisal, no inference of causation is created") (citation omitted).

Here, because Plaintiffs' alleged protected activities occurred one year or more before their terminations, they are not temporally proximate and do not support an inference of retaliation.

In addition to a lack of temporal proximity, Plaintiffs' Complaint actually identifies "an intervening event" – the publication of the WSJ article on September 13, 2020. Plaintiffs allege that ExxonMobil investigated whether they were sources of the WSJ article, then they were terminated for purported protected activity, including ExxonMobil's belief they were sources of the WSJ article. (D.E. 1 at ¶ 43, 49, 54).[3] Courts have held that where a "legitimate intervening basis" for the adverse action exists, no causation can be found. Tyco, 812 F.3d at 330 (citations omitted). According to Plaintiffs' own Complaint, a legitimate intervening basis for their

---

[3] Notably, "leaks to the media are not protected" activity under SOX. Tides v. Boeing Co., 644 F.3d 809, 810-11 (9th Cir. 2011). See also Erhart v. Bofi Holding, Inc., 2017 U.S. Dist. LEXIS 20959, at *46 (S.D. Cal. Feb. 14, 2017) (citing Tides, 644 F.3d at 810-11) ("That said, if Bofi establishes Erhart disclosed confidential information to the press, Erhart will not be able to raise these whistleblower defenses as to this conduct because leaks to the media are not protected.").

11

terminations was ExxonMobil's investigation and belief they were sources of the WSJ article. (Id. at ¶¶ 43, 49, 54).

Therefore, on two independent grounds, Plaintiffs fail to demonstrate causation. First, causation is severed by the passage of a significant amount of time between Plaintiffs' alleged protected activities and their terminations. Second, causation is severed by an intervening event – publication of the WSJ article – and ExxonMobil's investigation and terminations of Plaintiffs as a result of that event. Having failed to plead facts sufficient to raise the inference of causation, Plaintiffs have not established a *prima facie* subsection (a)(1) claim and dismissal is appropriate as a matter of law.

## POINT IV

### PLAINTIFFS FAILED TO TIMELY ASSERT A SUBSECTION (a)(2) CLAIM

Pursuant to 18 U.S.C. §1514A(b)(2)(D), an employee who alleges they have been discharged or otherwise discriminated against in violation of 18 U.S.C. §1514A(a)(1) or (a)(2), must bring an action "not later than 180 days after the date on which the violation occurs." Plaintiffs failed to meet this deadline with respect to their subsection (a)(2) claim.

In their OSHA Complaint, filed in February 2021, Plaintiffs alleged only a violation of SOX subsection (a)(1), namely, retaliation for having provided information to HR regarding alleged fraud. The OSHA Complaint states:

> **COME NOW** Plaintiffs […] who hereby allege claims pursuant to Section 806 of the Sarbanes-Oxley Act ("SOX"), **18 U.S.C. § 1514A(a)(1)** against Respondent[.]
> […]
> The Occupational Safety and Health Administration, Department of Labor ("OSHA") has jurisdiction over the Plaintiffs' complaint pursuant to Section 806 of the Sarbanes-Oxley Act, **18 U.S.C. § 1514A(a)(1)**.

12

(See Cino Cert., Exhibit A) (emphasis added).[4]

If Plaintiffs intended to assert a cause of action under subsection (a)(2), they were required to amend their OSHA Complaint by April 21, 2021 (Gulden) and June 8, 2021 (Burch). As neither did so, they are now time barred from asserting a subsection (a)(2) cause of action in federal district court.[5] See Dig. Realty Tr., Inc. v. Somers, 583 U.S. 149, 154 (2018) (quoting 18 U.S.C. § 1514A(b)(1)(A)) ("To recover under §1514A, an aggrieved employee must exhaust administrative remedies by "filing a complaint with the Secretary of Labor."). As such, because neither Plaintiff asserted a subsection (a)(2) claim within 180 days of their respective terminations, Plaintiffs' Complaint should be dismissed.

"The appropriate inquiry under SOX is not whether every fact forming the basis for the belief that gave rise to a plaintiff's protected activity was previously administratively pled, but whether each **separate and distinct claim** was pled before the agency." Sharkey v. J.P. Morgan Chase & Co., 805 F. Supp. 2d 45, 53 (S.D.N.Y. 2011) (emphasis added). While courts can permit unpled claims that can be expected to grow out of an administrative complaint, Plaintiffs' OSHA Complaint is devoid of allegations that could support a claim under subsection (a)(2). Wallace v. Tesoro Corp., 796 F. 3d 468, 476 (5th Cir. 2015) (scope of judicial complaint for SOX-retaliation claims "is limited to the sweep of the OSHA investigation that can reasonably be expected to ensue from the administrative complaint"); Wingo v. The Southern Co., 2018 U.S. Dist. LEXIS 88938, at * 14 (N.D. Ala. May 29, 2018) (in determining whether a plaintiff has exhausted administrative remedies for SOX-retaliation claims, "the proper inquiry is whether plaintiff's claims can

---

[4] Plaintiffs' December 2022 Verified Complaint filed in this District Court seeking enforcement of the Preliminary Order of reinstatement likewise alleges only a subsection (a)(1) claim. (See Cino Cert. Exhibit C).

[5] Plaintiffs' first attempt to assert a subsection (a)(2) claim was in their Bill of Particulars filed with the OALJ in July 2023, well outside the 180-day deadline set by 18 U.S.C. §1514A(b)(2)(D). (See Cino Cert. Exhibit G).

13

reasonably be expected to grow out of the charge in their otherwise compliant administrative complaint") (citation omitted). In their OSHA Complaint, Plaintiffs did not identify any "proceeding" they claim to have filed, caused to be filed, or in which they participated or otherwise assisted. (See Cino Cert., Exhibit A). Plaintiffs' only alleged "protected activity" was providing information to ExxonMobil HR. (See id.). Consequently, the only SOX-retaliation claim that could "reasonably be expected to ensue" from Plaintiffs' administrative complaint was the one they expressly pled: subsection (a)(1). Plaintiffs' failure to exhaust administrative remedies as to their subsection (a)(2) claim is therefore fatal to the subsection (a)(2) claim they now attempt to assert in federal court. See Fraser, 2009 U.S. Dist. LEXIS 75565, at * 6 (federal district court can only conduct *de novo* review of those SOX claims that have been administratively exhausted).

## POINT V

### IN ADDITION TO BEING UNTIMELY, PLAINTIFFS DO NOT PLEAD A *PRIMA FACIE* SUBSECTION (a)(2) CLAIM.

In addition to being untimely, Plaintiffs' subsection (a)(2) claim should be dismissed because Plaintiffs have not pled facts sufficient to support the *prima facie* elements of a subsection (a)(2) claim, even when accepting all allegations in the Complaint as true. Such failure is not the result of defective pleading, but rather results from a lack of factual support, mandating dismissal with prejudice.

Indeed, it is clear that Plaintiffs' Complaint focuses on facts related to an alleged violation of subsection (a)(1) – claimed retaliation for raising internal concerns to HR. Plaintiffs' Complaint does not allege any of the elements of a subsection (a)(2) claim required by statute.

First, Plaintiffs' Complaint does not identify any "proceeding filed or about to be filed" which Plaintiffs could have caused or in which they could have assisted, or other action taken by

14

Plaintiffs that demonstrates their participation in a proceeding filed or about to be filed.[6] This failure is significant because the gravamen of a subsection (a)(2) violation is the filing of, or assistance in, a proceeding filed or about to be filed. See Wutherich, 2020 U.S. Dist. LEXIS 80333. Despite this requirement, Plaintiffs' Complaint fails to reference any proceeding, despite the passage of nearly four years since the terminations of their employments. For this reason alone, District Chief Administrative Law Judge Rosenow dismissed Plaintiffs' subsection (a)(2) claim. See Cino Cert. Exhibit H.

Second, Plaintiffs' failure to plead a proceeding negates the other elements of their subsection (a)(2) claim. Specifically, because they have not identified a proceeding, it is not possible to determine if the unidentified proceeding relates to an alleged violation of the enumerated laws under subsection (a)(2), another requirement of the statute. It is likewise impossible to determine if Plaintiffs "assisted" in this unidentified proceeding.

Last, the Complaint fails to allege any facts showing that ExxonMobil was aware of the unidentified proceeding filed or about to be filed, which is required to assert a subsection (a)(2) claim.

Put simply, Plaintiffs have not pled facts demonstrating that:

(1) there was, in fact, a proceeding filed or about to be filed;

(2) either Plaintiff filed, caused to be filed, testified in, participated in, or otherwise assisted in this unidentified proceeding; and

(3) this unidentified proceeding was related to the enumerated statutes as set forth in subsection (a)(2); and

---

[6] Plaintiffs' OSHA Complaint, Bill of Particulars, and Verified Complaint equally fail to identify a proceeding filed, or about to be filed. (See Cino Cert., Exhibits A, C, G. (See also Cino Cert., Exhibit H).

(4) ExxonMobil had knowledge of this unidentified proceeding.

Failure to establish any one of the above factors is fatal to Plaintiffs' subsection (a)(2) claim. Plaintiffs have not established any of the factors. Therefore, this Court must dismiss this claim, with prejudice, for failure to a state claim upon which relief may be sought.

## CONCLUSION

For the foregoing reasons, ExxonMobil requests that Plaintiffs' Complaint be dismissed, in its entirety, with prejudice, pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted.

Respectfully submitted,

**JACKSON LEWIS P.C.**

s/ Richard J. Cino
Richard J. Cino, Esq.
Bianca M. Olivadoti, Esq.

**NORTON ROSE FULBRIGHT US LLP**

s/ Reagan M. Brown
Reagan M. Brown, Esq., *pro hac vice pending*

Dated: October 14, 2024

4857-5379-4542, v. 2